# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2026

Lyle W. Cayce
Clerk

No. 25-11359
Summary Calendar

───────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Cesar Delgado,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CR-492-1

───────────

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Cesar Delgado appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326(a). Generally, that statute carries a maximum sentence of two years of imprisonment and one year of supervised release. *Id.*; 18 U.S.C. § 3583(b)(3). But if a defendant was previously removed after being convicted of a non-aggravated felony, the maximum sentence increases

───────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11359

to ten years of imprisonment and three years of supervised release. 8 U.S.C. § 1326(b)(1); 18 U.S.C. § 3583(b)(2). Delgado pleaded guilty to illegally reentering the United States after being removed, and because he had been convicted of a non-aggravated felony, the district court sentenced him to 51 months of imprisonment and three years of supervised release.

Delgado argues that his sentence violates the Fifth and Sixth Amendments because the fact of his prior conviction increased the penalty for the offense, but his indictment did not allege a prior felony conviction and he did not admit to one. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Given Delgado's concession, the government filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file a brief.

The parties are correct that Delgado's argument is foreclosed by *Almendarez-Torres. See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) ("[*Almendarez-Torres*] persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction.'" (quoting *Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013))). Thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.